REQUESTED BY: Mark Wayne, County Administrator of Sarpy County.
You have asked the Office of the Attorney General for an opinion concerning numerous legal questions that arise from Sarpy County Attorney Jim Miller's pending disciplinary action before the Nebraska Supreme Court. Mr. Miller is facing possible disbarment or suspension from the practice of law for conduct occurring prior to his election as Sarpy County Attorney in November of 1998. You have stated that under normal situations you would request a legal opinion from the Sarpy County attorney, but because of Jim Miller's involvement in this matter, you have asked our office to provide assistance in resolving your questions.
In most instances, we would decline to render an opinion to a county board, deferring instead to have the county board obtain outside counsel. However, in the interests of justice and to insure the proper operation of the criminal justice system, we will provide our opinion to the following questions you have submitted.
 ISSUES
1. Who appoints an interim county attorney, if the county attorney is temporarily suspended from the practice of law?
If a county attorney is unable to perform the duties of his office, he forfeits his office and a vacancy occurs. The county board may appoint an individual to fill the vacancy that is created. The county attorney forfeits his office even in cases where there is a temporary suspension from the practice of law, because a county attorney must have the capacity to perform his duties throughout his term in office.
A county attorney must perform specific legal duties listed in § 23-1201, which require the county attorney to be licensed to practice law. (Refer to answer no. 10). If a county attorney is unable to perform these duties because he no longer possesses a license to practice law, then he violates his oath of office in failing to fulfill the duties of his office. Section 11-101
containing the oath of office for county officers requires them to swear that they "will faithfully and impartially perform the duties of office." Neb. Rev. Stat. § 11-101 (Reissue 1997). By violating an oath of office in failing to have the capacity to perform such legal duties, a county attorney thereby forfeits his office.
Section 32-560 provides, "[e]very elective office shall be vacant . . . upon the happening of any one of the following events at any time before the expiration of office: . . . (8) Forfeiture of office as provided for by law. Neb. Rev. Stat. §32-560 (Reissue 98). A county board appoints a person to fill the office of county attorney when there is a vacancy. Section 32-567
provides, "[v]acancies in office shall be filled as follows: . . . (2) In county offices, by the county board." Neb. Rev. Stat. § 32-567 (Reissue 1998). Once the forfeiture occurs and a vacancy results under § 32-560, then the county board has the authority to select a replacement to serve until the term of the prior incumbent ends.
2. If the county attorney has his license suspended for a period of years (i.e. 1, 2 or 3), who appoints his replacement? Is it an interim appointment until the suspension terminates, or is the county attorney removed from office for the remainder of the term?
The county board selects a replacement to fill the vacancy in the office of county attorney in this situation. (Refer to answer no. 1). A vacancy occurs when a county attorney no longer has the capacity to perform his statutory duties found in §23-1201, and a forfeiture of the office results. This vacancy results regardless of the suspension's duration under which the license to practice law has been withheld.
3. If the county attorney is temporarily suspended, does the county pay the salary of the suspended county attorney?
The county is not obligated to pay the salary of a person who has forfeited the office of county attorney. Under § 32-560 a vacancy results when a county officer has forfeited the office as provided for by law. Neb. Rev. Stat. § 32-560 (Reissue 1998). Once this forfeiture has occurred, a vacancy results and the former officer no longer is entitled to receive payment for holding the office of county attorney. The salary set for a county attorney under § 23-1206.01 is solely for those who serve in that capacity.
4. If the county attorney is suspended and is eligible to retain office after the duration of the suspension, does the county continue to pay the salary during the suspension period?
The county does not pay the salary of a county attorney who has lost their license to practice law through either termination or suspension of their license to practice law. (Refer to answer no. 3).
5. Under what circumstances, if any, do district judges have authority to appoint a county attorney?
The circumstances under which district judges may appoint county attorneys are found in § 23-1205. "In the absence, sickness or disability of the county attorney and his deputies, or upon the request of the county attorney for good cause, the court may appoint an attorney to act as county attorney in any investigation, appearance, or trial . . ." Neb. Rev. Stat. §23-1205 (Reissue 1997).
6. If the county attorney has a chief deputy county attorney, does the chief deputy assume the role of county attorney in any of the aforementioned circumstances?
A chief deputy county attorney does not assume the role of county attorney in any of the aforementioned circumstances. A chief deputy is appointed by the county attorney to serve under their authority. Neb. Rev. Stat. § 23-1204.05 (Reissue 1997). There are no provisions providing that a chief deputy county attorney assumes the role of the office of county attorney in the event of a vacancy. (Refer to answer no. 7).
7. Can there be a chief deputy county attorney in Sarpy County?
Given the current population size of the county, Sarpy County is unable to have a chief deputy county attorney. "In counties whose population is more than two hundred thousand inhabitants, the county attorney may appoint a chief deputy county attorney and one or more deputy county attorneys." Neb. Rev. Stat. § 23-1204.05 (Reissue 1997). According to estimations, Sarpy County does not have a current population in excess of 200,000 persons.[1] A chief deputy county attorney may not be appointed by the county attorney in Sarpy County based on the current population of Sarpy County.
8. What is the formal process involved regarding the Nebraska Supreme Court in this matter?
The formal process regarding disciplinary procedures, which govern the practice of law in the State of Nebraska, may be found under Rule 10, of the Disciplinary Rules of the Supreme Court/Court of Appeals. Proceedings for the discipline of attorneys licensed to practice law in the State of Nebraska are considered civil in their nature. Rule 10, § A. Proceedings are initiated by a relator who files a formal charge with the Clerk of the Nebraska Supreme Court. Rule 10, § C. Evidence is gathered by a court referee and is submitted by report to the Nebraska Supreme Court. Rule 10, § J. If subsequent exceptions are filed controverting the findings of the report, then briefs are submitted by the parties and an oral argument is heard before the Court. Rule 10, § M. The Court, upon a finding that the disciplinary rules have been violated, may disbar, suspend, censure or reprimand the respondent, place him or her on probation, or take such action as the Court may deem appropriate. Rule 10, § N.
9. What are Jim Miller's options if his license is suspended or revoked? Can he appeal?
We are unable to provide Jim Miller with specific legal advice in connection with his pending disciplinary case before the Nebraska Supreme Court. However, to answer your question in general, these answers may be found in Rule 10, of the Disciplinary Rules of the Supreme Court/Court of Appeals. The Nebraska Supreme Court's decision as to discipline of attorneys is final and may not be appealed to another court. The respondent may ask the Court for a rehearing of the charges in order for the Court to reconsider their original decision. Rule 10, § O. An attorney who has been disbarred by the Court may make an application for reinstatement after a period of five years has transpired. Rule 10, § T.
10. Can Jim Miller be Sarpy County attorney without a license?
Jim Miller is unable to fulfill his duties as Sarpy County Attorney without a license to practice law. Section 23-1201.02
provides, "No person shall seek nomination or appointment for the office of county attorney in counties of class 4, 5, 6, or 7, nor serve in that capacity unless he or she has been admitted to the practice of law in this state for at least two years next preceding the date such person would take office and has practiced law actively in this state during such two-year period . . ." Neb. Rev. Stat. 23-1201.02 (Reissue 1997). This statute applies to counties with populations over fourteen thousand. Although this section does not specifically require that a sitting county attorney maintain their license in order to hold office, such a requirement is found by implication. The requirements to be county attorney should apply also for those who serve.
Section 7-101, governing the practice of law requires that, "no person shall practice as an attorney or counselor at law, or commence, conduct or defend any action or proceeding to which he is not a party, either by using or subscribing his own name, or the name of any other person, or by drawing pleadings or other papers to be signed and filed a party, in any court of record of this state, unless he has been previously admitted to the bar by order of the Supreme Court of this state." Neb. Rev. Stat. §7-101 (Reissue 1997).[2]
The duties of county attorney are outlined in § 23-1201. The statute provides that an individual serving as county attorney must perform the following duties:
 to prepare, sign, verify, and file the proper complaint against such person and to appear in several courts of the county to prosecute the appropriate criminal preceding on behalf of the state and county. . . . to prosecute or defend, on behalf of the state or county, all suits, applications, or motions, civil or criminal, arising under the laws of the state in which the state or county is a party or interested. . . . to appear and prosecute or defend on behalf of the state and county all such suits, applications, or motions which may have been transferred by change of venue from his or her county to any other county in the state.
Neb. Rev. Stat. § 23-1201 (Reissue 1997).
Based upon the duties listed in § 23-1201, an individual must be able to have the ability to perform these tasks in order to serve as county attorney. Since the duties described in §23-1201 may only be performed by an attorney licensed to practice law under § 7-101, an office holder must have a license to practice law in order to serve as county attorney. Jim Miller will be prohibited from fulfilling his duties as county attorney if he does not possess his license to practice law, and thus, he will be unable to serve as county attorney.
11. What can be done by the Sarpy County Board to expedite the case?
The Sarpy County Board is unable to expedite Jim Miller's case before the Nebraska Supreme Court. The case is currently on an expedited tract under the procedures adopted by the Nebraska Supreme Court. These procedures are contained in Rule 10, of the Disciplinary Rules of the Supreme Court/Court of Appeals. Jim Miller's brief to the Court is due by April 5, 1999 and a response may be filed thirty days from that date. Rule 10, § M. The oral argument will thereupon be placed upon the Court call for hearing. We anticipate that oral arguments in this case will be heard by the Court in early June, 1999.
12. Can the Nebraska State Bar Association request the Nebraska Supreme Court to expedite the case?
The Nebraska State Bar Association is unable to request the Nebraska Supreme Court to expedite this case because the case is already on an expedited course. (Refer to answer no. 11).
Sincerely,
 Don Stenberg Attorney General
 Jason W. Hayes Assistant Attorney General
Approved:
Don Stenberg 
Attorney General
[1] According to information provided by the Sarpy County Administrator's office, the 1990 Census showed that Sarpy County had a population of 102,583. A recent estimation conducted in July of 1998 showed a population of 120,785.
[2] One who is suspended from the practice of law is no longer an admitted attorney within the meaning of this section. Stateex rel. NSBA v. Frank, 219 Neb. 271, 363 N.W.2d 139 (1985).